**NOT FOR PUBLICATION**

**FILED**

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES ROBINSON, | No.    18-35308 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05555-RJB |
| v. | |
| LESLIE SZIEBERT, Dr. Washington State Special Commitment Center Chief Medical Director; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Washington civil detainee Charles Robinson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutionally

inadequate medical care for a foot injury.  We have jurisdiction under 28 U.S.C.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Sziebert on Robinson's claim of constitutionally inadequate medical care because Robinson failed to raise a genuine dispute of material fact as to whether Sziebert's conduct fell below the professional judgment standard, or whether Sziebert knew of and acquiesced to unconstitutional conduct by subordinates. *See Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (Fourteenth Amendment professional judgment standard applies to civil detainees; under the professional judgment standard, a professional's decision is presumptively valid, and liability may be imposed only where there is a substantial departure from the accepted professional judgment, practice, or standards); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (elements for supervisory liability under § 1983).

**AFFIRMED.**

18-35308